FILED

MAY 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASSOCIATION OF UNIT OWNERS OF NESTANI - A GRECIAN VILLA, an Oregon limited liability company, | No. 09-36047 |
| Plaintiff - Appellant, | DC No. 6:08 cv 0790 AA |
| v. | MEMORANDUM[*] |
| STATE FARM FIRE & CASUALTY INSURANCE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted May 3, 2011
Portland, Oregon

Before:    KOZINSKI, Chief Judge, TASHIMA and IKUTA, Circuit Judges.

The Association of Unit Owners of Nestani - A Grecian Villa (the

"Association") appeals the district court's grant of summary judgment to State

Farm Fire & Casualty Insurance Company ("State Farm") in a dispute over

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

coverage under the Collapse Endorsement to the Association's casualty insurance policy issued by State Farm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The Association bears the burden of showing that a "collapse" occurring during the policy period caused its loss. *See Lewis v. Aetna Ins. Co.*, 505 P.2d 914, 916 (Or. 1973). Given the ongoing nature of the property damage and the expert testimony that there's no way to determine when the damage happened, no rational trier of fact could conclude that the Association has made such a showing. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

2. The district court correctly concluded that no "entire collapse" of "any part of a building" occurred. The language in the Collapse Endorsement was drafted specifically to limit coverage to actual collapses. *Sexton v. State Farm Fire & Cas. Co.*, 2003 Del. Super. LEXIS 430, at *5-6 (Dec. 30, 2003); *see also Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 563 (9th Cir. 2004). Damage of the type seen here is more properly treated as imminent collapse or as structural impairment. *E.g.*, *id.* at 558 (in which gypsum sheathing had "turned to mush"); *Schray v. Fireman's Fund Ins. Co.*, 402 F. Supp. 2d 1212,

2

1215 (D. Or. 2005) (where property had "significant rot and decay of some structural members").

3.     Because we affirm on the above bases, we need not decide whether the district court erred in its interpretation of the term "sudden."

**AFFIRMED**.